# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:05cv253

| | | |
|---|---|---|
| WILLIAM N. CLINKSCALES, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| FIRST CITIZENS BANK, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

    **THIS MATTER** is before the court on defendant's Motion to Dismiss.  On August 30, 2005, this court, in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advised plaintiff who is proceeding *pro se* as to the nature of defendant's motion and his obligation to respond.  Inasmuch as his Complaint clearly concerns the dishonor of a check, the undersigned advised plaintiff that "presentment and dishonor of checks is a matter of state law and that no diversity could possibly exist inasmuch both he and defendant are citizens of the State of North Carolina." Docket Entry 8, at 1.

    Defendant contends that this court lacks subject-matter jurisdiction over his claim inasmuch as plaintiff has (1) failed to allege the violation of any federal law (which is federal question jurisdiction), or (2) failed to allege that the parties are diverse (which is diversity jurisdiction).  Plaintiff is advised that the presentment and dishonor of checks is a matter of state law and that no diversity could possibly exist inasmuch both he and defendant are citizens of the State of North Carolina.

    On September 7, 2005, plaintiff submitted a pleading captioned "Reply to Motion to Dismiss," which the court deems to be plaintiff's timely response.  In that response, plaintiff argues that federal question jurisdiction exists over his claim concerning the dishonor of his

check because the defendant is insured by the Federal Deposit Insurance Corporation and must abide by federal banking laws. Plaintiff's Response, at 2. In support of such argument, plaintiff has submitted his own affidavit concerning a conversation he had with a customer service representative of defendant, confirming that defendant is FDIC insured and follows federal banking laws. See Clinkscales Affidavit, at 1. On September 15, 2005, defendant timely filed its Reply, which rebuts plaintiff's argument concerning the imposition of federal question jurisdiction through FDIC participation and being subject to the laws of the United States.

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

Federal question jurisdiction only arises where there is a "right or immunity created by the Constitution or laws of the United States" which is "an element, and an essential one, of the plaintiff's cause of action." Bowman v. First Nat'l Bank, 388 F.2d 756, 760 (4th Cir. 1968). While plaintiff has shown that defendant bank is FDIC insured and is subject to federal law, plaintiff has failed to show that any federal right or immunity is an essential element of a claim for alleged wrongful dishonor of a check. To establish a bank's liability for wrongful dishonor of a check under Section 4-402 of the Uniform Commercial Code, the plaintiff must prove:

1.    his status as a customer;

2.    the bank's wrongful conduct in refusing to honor the item;

3.    damages suffered; and

4.    that dishonor of the item was the proximate cause of the damages suffered.

5 Causes of Action 849 (2004). In North Carolina, this provision is captioned "Bank's Liability to Customer for Wrongful Dishonor." N.C.Gen. Stat. § 25-4-402. Thus, plaintiff's remedy, if any, is to be found in the North Carolina General Court of Justice. The undersigned will respectfully recommend that defendant's Motion to Dismiss be granted and that this action be dismissed without prejudice as to refiling in state court.

3

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss be **GRANTED**, and that this action be dismissed without prejudice as to refiling in state court.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: September 26, 2005**

Dennis L. Howell
United States Magistrate Judge